Manly, J.
The judgment of the Court below, is warranted by either one of the grounds, upon which it is placed in that Court.
The account for goods, which the feme covert ran up in 1854 and 1855, she was not bound to pay, either in law or equity. An original obligation, at law, we suppose, is not alleged; and in equity, by reason of her separate estate, we have decided, at this term, she is not bound.
The subject was considered in the case of Draper, Knox and Co. v. Jordan, in Equity at this term, and the general principles there is established, that a feme covert, having a separate estate, is not liable, in equity, through such estate, to her debts and engagements, unless these be charged specifically upon the separate estate, with the concurrence of the trustee.
Being bound, therefore, neither in law nor equity, to pay this account, it will follow that her promises, made after discoverture, are not supported by any sufficient consideration, and will not sustain the action. The insufficiency of such consideration is well settled; see Hatchell v. Odom, 2 Dev. and Bat. 302, and cases there cited.
The judgment of the Court is sustained by the other ground also. The action ought to have been in the name of the surviving partner, and not in the name of the representative of the assignee-. There is no error.
Per Curiam,
Judgment affirmed.